**SD**

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

FILED
SEP 2 0 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

10  4838

| | |
|---|---|
| MARTHA ANN RAGULE, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No.: |
| NCO FINANCIAL SYSTEMS, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) (Unlawful Debt Collection Practices) |

# COMPLAINT

MARTHA ANN RAGULE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's principal place of business is in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Albany, New York.

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Also, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

12. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA

provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing

PLAINTIFF'S COMPLAINT

laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

15. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

16. At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by another person, Mr. Gregg Ragule.

17. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions which were primarily for personal, family, or household purposes.

18. Plaintiff has a checking account with Trustco Savings Bank.

19. The only individuals authorized to access the funds in Plaintiff's checking account are Plaintiff and her Power of Attorneys, her son, Steven Ragule (hereinafter "Mr. Ragule"), and her daughter, Susan Sullivan (hereinafter "Ms. Sullivan"), who must act jointly.

20. Plaintiff does not owe a debt to Defendant or to any third party which Defendant is attempting to collect.

21. Despite this, on or about April 28, 2010, Defendant attempted twice to electronically withdraw $1700.00 from Plaintiff's checking account without authorization from Plaintiff or her power of attorneys, Mr. Ragule and Ms. Sullivan. See Exhibit A, April 26, 2010, electronic check and Exhibit B,

Plaintiff's bank statement.

22. Plaintiff, however, did not have the funds in her bank account to cover the amount that Defendant attempted to electronically withdraw. See Exhibit B, Exhibit B, Plaintiff's bank statement.

23. As a result, Plaintiff incurred overdraft fees in the amount of $70.00. See Exhibit B, Plaintiff's bank statement.

24. Then, on or about May 3, 2010, Defendant attempted twice to electronically withdraw $1700.00 from Plaintiff's checking account, again without authorization from Plaintiff or Mr. Ragule and Ms. Sullivan. See Exhibit A, April 26, 2010, electronic check and Exhibit B, Plaintiff's bank statement.

25. Initially, Plaintiff did not have the funds in her bank account to cover the amount that Defendant attempted to electronically withdraw and she incurred a $35.00 overdraft charge.

26. Later that day, when Defendant sought to withdraw the money from her bank account, Plaintiff had received her social security check, so there was sufficient money in her bank account for Defendant to take $1700.00. See Exhibit B, Plaintiff's bank statement.

27. As a result, Plaintiff was deprived of the use of her social security monies.

28. Upon learning that Defendant had withdrawn $1700.00 from Plaintiff's checking account, Mr. Ragule contacted Trustco Savings Bank and advised them that Defendant had withdrawn this money from Plaintiff's account without authorization.

29. On or about May 10, 2010, Trustco Savings Bank was able to have returned the $1700.00 to Plaintiff's bank account. See Exhibit B, Plaintiff's bank

statement.

30. Then, on May 19, 2010, Defendant again electronically withdrew funds from Plaintiff's checking account, this time in the amount of $1630.00, without authorization from Plaintiff or Mr. Ragule and Ms. Sullivan. See Exhibit C, the May 17, 2010, electronic check and Exhibit B, Plaintiff's bank statement.

31. Defendant was successful in withdrawing $1630.00 from Plaintiff's checking account. See Exhibit B, Plaintiff's bank statement.

32. Upon learning that Defendant had withdrawn $1630.00 from Plaintiff's checking account, Mr. Ragule contacted Trustco Savings Bank and advised them that Defendant had withdrawn this money from Plaintiff's account without authorization.

33. On or about May 21, 2010, Trustco Savings Bank was able to have returned the $1630.00 to Plaintiff's bank account. See Exhibit B, Plaintiff's bank statement.

34. Thereafter, on Plaintiff's behalf, Mr. Ragule contacted Defendant regarding the unauthorized withdraws from Plaintiff's checking account. See Exhibit D, Mr. Ragule's June 3, 2010, letter

35. On or about June 15, 2010, in correspondence addressed to Mr. Ragule, Defendant advised that it had issued Plaintiff a refund check in the amount of $70.00, to reimburse her for insufficient fund check fees; thereby, acknowledging that it had acted wrongly in withdrawing money from Plaintiff's account. See Exhibit E, Defendant's June 15, 2010, letter and check.

36. Defendant's conduct in taking money from Plaintiff's account without her authorization caused her to contact the local police department, the State's Attorney General's Office, as well as the Federal Trade Commission.

37. Further, Defendant's conduct in taking money from Plaintiff's bank account without authorization deprived her of the use and enjoyment of that money and caused her to incur over $105.00 in bank fees. Also, Defendant's conduct necessitated Plaintiff's Power of Attorney, Mr. Ragule, traveling to Plaintiff's residence so that he could assist Plaintiff in addressing these matters on six (6) different occasions, each time driving 180 miles roundtrip and paying $6.20 in tolls.

## CONSTRUCTION OF APPLICABLE LAW

38. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

39. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

40. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v.

Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.
   b. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;
   c. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);
   d. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.
   e. Collecting an amount not permitted by law, in violation of 15 U.S.C. § 1692f(1);

d. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

e. Collecting an amount not permitted by law, in violation of 15 U.S.C. § 1692f(1);

f. Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within 5 days after its initial communication with Plaintiff, advising Plaintiff of his right to dispute the debt or request verification of the debt; and

g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, MARTHA ANN RAGULE, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARTHA ANN RAGULE, demands a jury trial in this case.

DATED: 9-20-10

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07, NJ 5/08)

10-CV-4838

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MARTHA ANN RAGULE

### DEFENDANTS
10 4838
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

### II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

### IV. NATURE OF SUIT
[X] 480 Consumer Credit

### V. ORIGIN
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing:
15 U.S.C. Section 1692
Brief description of cause:
Fair Debt Collection Practices Act

### VII. REQUESTED IN COMPLAINT:
DEMAND $
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S)

DATE: 9-20-10

SIGNATURE OF ATTORNEY OF RECORD

SEP 2 0 2010

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**10   4838**

Address of Plaintiff: 38 Terrace Avenue, Albany NY 12203

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: 38 Terrace Avenue, Albany, NY 12203
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases 15 U.S.C. §1692
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 9-20-10   Craig Thor Kimmel   57100
           Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9-20-10   Craig Thor Kimmel   57100
           Attorney-at-Law                Attorney I.D.#

SEP 2 0 2010

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Martha Ann Ragule : CIVIL ACTION
v. :
NCO Financial Systems, Inc : NO. 10 4838

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

9-20-10     Craig Thor Kimmel     Martha Ann Ragule
**Date**     **Attorney-at-law**     **Attorney for**

(215) 540-8888     800-863-1689     Kimmel@creditlaw.com
**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

